UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DOUGLAS PEARSON,           ) | |
| )                          | |
| Plaintiff,      ) | |
| )                          | |
| v.              ) | No. 2:19-cv-00583-JRS-DLP |
| )                          | |
| DWENGER, et al.            ) | |
| )                          | |
| Defendants.     ) | |

**ORDER DENYING MOTIONS TO APPOINT COUNSEL,
SCREENING AMENDED PLEADINGS, DISMISSING ACTION,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On May 6, 2020, the Court dismissed Douglas Pearson's amended complaint. *See* dkt. 43. The amended complaint failed to state what relief Mr. Pearson wished to achieve through this action. *See id.* at 2. Additionally, although the amended complaint included allegations describing possible violations of Mr. Pearson's Eighth Amendment and Due Process rights, it did not state which defendants were responsible for which actions. *See id.* at 3.

Accordingly, the Court granted Mr. Pearson an opportunity to file a second amended complaint. *See id.* at 3–4. He has since filed two amended complaints, neither of which states a plausible claim for relief. Dkts. 55, 58. In this Order, the Court denies Mr. Pearson's motions to appoint counsel, dismisses this action, and directs the clerk to enter final judgment.

**I. Motions to Appoint Counsel**

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States Dist. Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified

to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)).

Mr. Pearson has filed four motions for counsel. Three state that he has called and written to lawyers but provide no details of his efforts. *See* dkt. 40 at ¶ 6; dkt. 41 at ¶ 6, dkt. 49 at ¶ 5. The fourth motion is silent on this issue. *See* dkt. 51.

The Court finds that Mr. Pearson is able to contact attorneys and seek assistance with his case. The docket shows that Mr. Pearson filed *fifteen* civil rights cases in this Court since December 2019. In this action alone, Mr. Pearson has filed at least *46* pleadings, motions, and other submissions. As the Court discussed in screening Mr. Pearson's amended complaint, he has demonstrated an ability to describe the nature of his claims and the basic allegations underlying them. And his motions for counsel show that he is able to concisely articulate why he believes he needs assistance from counsel. *See, e,g.*., dkt. 51 at ¶ 5 ("Plaintiff has no legal training, Plaintiff is unable to investigate the facts of his claims or seek the necessary discovery required to present his case to this court."). Considering these facts and the absence of any evidence or detail regarding Mr. Pearson's efforts to recruit counsel, the Court cannot conclude that he has "made reasonable efforts to secure his own lawyer" or that he has "been prevented from doing so." *Romanelli v.*

2

*Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). These facts also indicate Mr. Pearson is competent to litigate this case himself, at least at this stage. Accordingly, for either of these reasons, his motions to appoint counsel, dkts. [40], [41], [49], and [51], are **denied.**

## II. Screening and Dismissal of Amended Complaints

Mr. Pearson has filed additional pleadings entitled "Amended Complaint," dkt. 55, and "Second Amended Complaint," dkt. 58. Because Mr. Pearson is a "prisoner," the Court must screen these pleadings pursuant to 28 U.S.C. § 1915A.

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss an amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether an amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Pearson's pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

In screening Mr. Pearson's previous amended complaint, the Court stated:

> Construed liberally, the allegations in the complaint could support a claim that some defendants have been deliberately indifferent to Mr. Pearson's serious medical needs in violation of the Eighth Amendment. The allegations in the amended complaint could also support claims that some defendants have confined Mr. Pearson to segregation without due process and in conditions that violate the Eighth Amendment. However, the amended complaint does not state which defendants are responsible for which actions. "Only someone personally responsible in a

3

> constitutional violation can be held liable under [42 U.S.C.] § 1983." *Wojcik v. Cook Cnty.*, [803 F. App'x 25, 27 (7th Cir. 2020)] (citing *Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 469 (7th Cir. 2016)). The Court cannot reasonably infer that any of the defendants named in the amended complaint are personally responsible for any of the wrongful acts alleged.

Dkt. 43 at 3. Further, the Court directed Mr. Pearson to file a second amended complaint and warned that it must "state which defendants are responsible for which factual allegations" and "state what relief Mr. Pearson wants the Court to award him if he proves his claims." *Id.* at 4.

Mr. Pearson's newest amended complaints assert that he was confined to a restrictive housing unit and that he was not permitted to work at a prison job. Dkts. 55, 58. One version states that Kevin Gilmore responded to a grievance that Mr. Pearson had not been assigned to a restrictive housing unit since 2015. Dkt. 58 at 3. Mr. Pearson does not reassert the allegations that he was denied mental health treatment. He asks the Court to award him relief of $50,000 and a yellow sportscar. Dkt. 55 at 4.

Mr. Pearson's amended complaint, dkt. 55, and second amended complaint, dkt. 58, are **dismissed** for **failure to state a claim** upon which relief may be granted. Between the two pleadings, Mr. Pearson alleges that only Mr. Gilmore was personally involved in violating his rights. *See Wojcik*, 803 F. App'x at 27. But it is well-settled that denying a prisoner's grievance does not, by itself, amount to a constitutional violation. *See e.g.*, *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) ("McGee's claims against . . . the individuals who ruled against McGee on the institutional grievances he filed . . . fail as a matter of law . . . ."); *George v. Smith*, 507 F.3d 605, 609–610 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act

4

of misconduct does not."). Because this is the only allegation Mr. Pearson has asserted against any defendant, he has not pled a plausible claim for relief.

### III. Conclusion

For the reasons discussed in Part I, Mr. Pearson's motions to appoint counsel, dkts. [40], [41], [49], and [51], are **denied**. For the reasons discussed in Part II, this action is **dismissed with prejudice** for **failure to state a claim** upon which relief may be granted.

This is the second case that Mr. Pearson has had dismissed on this basis. *See Douglas v. State of Indiana*, no. 2:20-cv-00049-JMS-DLP, dkt. 13 (S.D. Ind. Jan. 30, 2020) (dismissing action for failure to state a claim). This dismissal counts as Mr. Pearson's second "strike." If Mr. Pearson accumulates a third "strike" by bringing another action that is frivolous or malicious or fails to state a claim upon which relief may be granted, he will no longer be permitted to proceed *in forma pauperis* as a prisoner, parolee, or probationer unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Mr. Pearson's verified motion for fee waiver, dkt. [53], is **denied as unnecessary**. The Court has already granted Mr. Pearson leave to proceed *in forma pauperis*. *See* dkt. 15. Additionally, his motion for settlement conference, dkt. [61], is **denied as moot**.

The **clerk is directed** to enter final judgment consistent with this Order.

**IT IS SO ORDERED.**

Date: 9/9/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DOUGLAS PEARSON
4840 Pine Forest Drive
Memphis, TN 38125